IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:04CR81 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| JAMES V. McCART, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report and addendum in this case and the defendant's objections (filing 50) and departure motion (filing 51).

IT IS ORDERED that:

(1)     Remembering that the government has the burden to prove by the greater weight of the evidence all disputed factual issues regarding restitution, the defendant's objection (filing 50) to restitution will be resolved at sentencing.  Because the defendant's objection is complex, I characterize the objection so the parties understand how I interpret it.  The basic factual predicate for the objection is as follows:  (1) the Nebraska State Bank has been paid in full by the defendant for the check kiting scheme that constitutes the offense of conviction; (2)  the bank was paid through a series of loans issued by the bank to various borrowers (including the defendant) *after* the bank knew of the check kiting scheme; and (3) the subsequent co-borrowers, and not the bank, seek restitution.  Therefore, the defendant raises the legal question of whether the purported loss to the co-borrowers is a "direct and proximate" result of the commission of the check kiting scheme which is due and payable to "victims" as required by and pursuant to 18 U.S.C. § 3663(a)(1)&(a)(2) (discretionary restitution) or 18 U.S.C. § 3663A(a)(1)&(a)(2) (mandatory restitution).  But see 18 U.S.C. § 3664(j)(1) (restitution may be ordered in favor of insurance companies or other sources who pay "compensation").  The parties are directed to carefully brief the

facts[1] and the law on the question of whether I have the statutory authority to order restitution, and, if so, in what amount and to whom.[2]  The briefs are due not later than one day prior to sentencing.

(2)     The defendant objects (filing 50) that the presentence report calls for a base offense level (including loss calculation) and an imprisonment range greater than that provided for in the plea agreement (filing 44).  That objection will be resolved at sentencing.[3]  However, the parties should be prepared to explain why I should accept the plea agreement as it sets a range 4 levels lower than the range set out in the

---

[1]I am having difficulty understanding the precise facts.  The following is what I think I know: (1) the bank discovered the check kiting scheme, and loaned the defendant money to pay off the debt created by the check kiting scheme; (2) the bank's loan was improper for some unknown reason; (3) the owners of the bank "bought" the improper loan to take it off the bank's books; (4) the bank then loaned the defendant and others much more money, some of which the defendant used to pay off the first loan (the proceeds of which had been used to pay the check kiting debt); (5) the bank and the owners of the bank are whole; and (6) the co-borrowers apparently threaten the bank and the bank owners with suit because they claim the bank failed to disclose that some of the proceeds from the second borrowing would be used by the defendant to pay off a loan the proceeds of which had been used to pay off the obligation created by the check kiting scheme.  I remain unclear whether the last loan signed by the defendant and the co-borrowers has been paid.  I urge counsel to stipulate to the chronology of events and the relevant details, and provide me with that stipulation at the time they submit their briefs.  It would be good to obtain copies of every note (front and back) and the disbursement and payment ledgers for each note.  Those copies should be attached to the stipulation.

[2]While not particularly helpful on the specific question presented regarding statutory authority, the parties should also consult the advisory Guidelines on the question of restitution.  See U.S.S.G. § 5E1.1.

[3]Although the plea agreement does not so state, at the plea-taking proceeding the parties stipulated that if I accepted the plea agreement I was bound to accept the ranges set forth in the plea agreement.  I have not yet accepted the plea agreement.  I also note that the parties agree to the use of the 1998 Manual (filing 44 ¶ 12), and the probation officer believes that the 1998 Manual should be used to avoid ex post facto problems.  (PSR ¶ 28.)  I have no quarrel with the use of the 1998 Manual.

presumptively correct presentence investigation report.  See United States v. Coney, --- F. Supp.2d ----, 2005 WL 2160023 (D. Neb. Sep 08, 2005) (NO. 4:05 CR 3001-2) (discussing two-step approach to evaluating whether a judge should accept a Rule 11(c)(1)(C) plea agreement that is below the advisory Guidelines range).

(3)    The defendant's motion for departure or variance set forth in his sentencing memorandum (filing 51) based upon the defendant's age and health condition will be resolved at sentencing.

(4)    The parties are herewith notified that my tentative findings are that the presentence report is otherwise correct in all respects.

(5)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(6)    If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing

is necessary and how long such a hearing would take.

(7)    Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

(8)    Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

September 21, 2005.                    BY THE COURT:

                                       s/ *Richard G. Kopf*
                                       United States District Judge